UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SAMSON CONTOUR ENERGY      CIVIL ACTION NO. 11-cv-0247
E&P, LLC, et al

VERSUS     JUDGE WALTER

FRED BOWMAN, INC.     MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

This is an action for a declaratory judgment to resolve whether a mineral sublease transaction triggered a preferential right to purchase that was included in the instrument by which the sublessor acquired the leases. Before the court are motions by the defendant, the purported holder of the preferential right, in which it urges that the plaintiffs must join as defendants two predecessors in interest to the right to repurchase. For the reasons that follow, the motions should be denied.

**Relevant Facts**

Alma Energy Corp. ("AEC") assigned to Fite Oil & Gas, Inc. ("Fite") rights in certain mineral leases. The assignment included an agreement that should Fite "desire to sell all or any part" of the oil and gas properties it must give notice to AEC of the proposed disposition, and AEC would then have a right, for 10 days after the notice, to purchase the property on the same terms and conditions. The parties refer to this provision as creating a "Pref Right." AEC also reserved a 6.25% overriding royalty.

AEC transferred all of its remaining interest in the leases to Elysium Energy, LLC, and Elysium soon transferred all of those rights to Fred Bowman, Inc. ("Bowman"). Bowman takes the position that these assignments vested in it ownership of the overriding royalty and the Pref Right.

Fite (as sub-lessor) and Samson Contour Energy E&P, LLC ("Samson") (as sub-lessee), later executed a Sublease of Oil and Gas Leases with Reservation of Overriding Royalty Interest, pursuant to which Fite sublet to Samson certain mineral leases (including one covered by the Pref Right). The sublease has a three-year primary term and allows Samson a limited period to drill and complete a well on each of the five sections covered by the agreement before Samson earns an interest in the relevant leases. Samson alleges that it has spent millions of dollars on operations under the Fite sublease, including the drilling of two wells, but operations had to suspended because of the dispute that gave rise to this litigation.

Bowman recently sent a demand letter to Fite and Samson in which it claimed to be, as successor to AEC, the holder of the Pref Right. Bowman asserted that the transaction between Fite and Samson triggered the notice requirement of the Pref Right, and Bowman demanded that the companies honor its right and provide it with notice of the terms of their transaction so that Bowman could determine whether it wished to exercise its right.

Counsel for Samson responded that Bowman had "no standing" to assert the Pref Right because AEC did not specifically assign the right to Elysium, Bowman's predecessor

in title, leaving Bowman with only AEC's overriding royalty interest. Samson offered additional arguments that the Pref Right ceased to be effective 10 years after it was created and was limited to a "sale" of the leases so that the sublease to Fite did not trigger the Pref Right. Fite responded by separate letter and raised essentially the same arguments.

Samson and Fite later filed this action for declaratory judgment. They seek a declaration from the court that the Fite sublease did not trigger any rights or obligations under the Pref Right in favor of Bowman. Paragraph 14 of the original complaint alleged that Bowman's claim that the Pref Right was triggered was unsupportable on numerous grounds, including "(i) the fact that the Fite Sublease did not constitute a sale triggering the rights and obligations under the Pref Right; (ii) the fact that the Pref Right expired 10 years after it was created; and (iii) the fact that the Pref Right was never specifically assigned to Bowman and thus, Bowman has no standing to make any demand against Fite relating to the Pref Right."

Bowman, focusing on the assertion that the Pref Right was never assigned to it, filed a Motion for Joinder (Doc. 6) and urged that AEC and Elysium must be joined because Samson and Fite contend that one or both of those companies retained ownership of the Pref Right at issue. Samson and Fite responded by filing an amended complaint that deleted from Paragraph 14 the "standing" argument based on the alleged lack of a specific assignment. Bowman was not satisfied by that deletion and filed a Motion Reurging Motion for Joinder (Doc. 14). Judge Walter referred both motions to the undersigned. Doc. 16.

**Analysis**

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19." Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue.[1] It also provides for the dismissal of the suit if

---

[1] The relevant text of Rule 19 provides:

**(a) Persons Required to Be Joined if Feasible**

**(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(I) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**(2) Joinder by Court Order.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

\*\*\*

**(b) When Joinder Is Not Feasible**. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

it should not proceed without the parties who cannot be joined. HS Resources, Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003). The Rule 19 analysis requires the court to first determine under Rule 19(a) whether a person should be joined to the suit. If the person should be joined, but his joinder would destroy jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or dismiss the suit. HS Resources, Inc., 327 F.3d at 439.

When a case involves a contract, joinder of all parties to the contract is usually required. Harris Trust & Saving Bank v. Energy Assets Int'l, 124 F.R.D. 115, 117 (E.D. La. 1989). "In cases seeking reformation, cancellation, rescission, or otherwise challenging the validity of a contract, all parties to the contract probably will have a substantial interest in the outcome of the litigation and their joinder will be required." 7 Wright, Miller, & Kane,

---

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Federal Practice and Procedure: Civil 3d, § 1613, pp. 200-01 (3rd. ed. 2001). A mere assignor of rights under a contract generally is not needed for a just adjudication of a suit involving rights under the contract, but his joinder may be required when the validity of the assignment itself is at issue. Id. at pp. 185-87.

The validity of Bowman's claimed assignment of the Pref Right was put at issue by Samson and Fite in their pre-suit correspondence and Paragraph 14 of their original complaint. Bowman acknowledges that the amended complaint deleted the "no standing" allegation of Paragraph 14, but Bowman points to the prayer in the complaint that the court declare Bowman "has no interest in and to the rights acquired by Samson in the Fite Sublease." Bowman argues that this prayed for relief "necessarily" requires a determination of whether the Pref Right was assigned to Bowman or retained by one of its predecessors in title. The undersigned does not read the prayer in that fashion. The court could grant the requested relief, even if it were assumed Bowman owned the Pref Right, based on a holding that the Pref Right was expired or was not triggered by the Samson-Fite sublease transaction.

Bowman, after the Amended Complaint was filed and in an effort to resolve the joinder dispute, asked Fite and Samson if they were "willing to stipulate that to the extent the Pref Right still exists that Bowman is the holder of it?" Samson and Fite responded as follows:

> We agree that Bowman's ownership of the alleged preferential right is not considered a claim or an issue in the present declaratory judgment action. While we may revisit your request at a later date, since Bowman's ownership of the Pref Right is

> not an issue in the declaratory judgment action, we are not prepared, at this time, to execute a stipulation acknowledging Bowman as the holder.

Bowman then filed its motion reurging its original motion. Bowman argues that the deletion from Paragraph 14 at first blush gives the "illusion" of removing the standing issue, but Bowman maintains that Samson and Fite's unwillingness to enter a stipulation leaves the standing challenge in place. Samson and Fite represent that they offered, in an effort to avoid this motion practice, to file a second amended complaint and state in the prayer for relief: "Plaintiffs in no way allege or request from this court a determination that Bowman does not have standing to assert the Pref Right." This was not acceptable to Bowman, which later filed a reply brief and voiced its "suspicion that Plaintiffs secretly intend to assert at some later date that Bowman is not the holder of the Pref Right."

Samson and Fite, in their sur-reply (Doc. 23), state that their refusal to sign a stipulation was not part of any plan to challenge standing in the event judgment is rendered in favor of Bowman. Rather, Samson and Fite now state their belief that "whatever extant rights Alma (AEC) and Elysium had, Bowman owns." They add that AEC and Elysium may no longer exist, and neither of those companies has asserted an ownership interest in the Pref Right.

Samson and Fite may not have been willing to enter into a stipulation with Bowman, but they have done so with the court. Statements in a brief or memorandum may be treated as binding judicial admissions. See Averette v. Transocean Enterprises, Inc., 2010 WL

2814702 (W.D. La. 2010). Under the circumstances, where there is no doubt the statements were intentionally made and they are at the heart of the issue in this motion practice, the undersigned finds that the statements about Bowman's ownership of the Pref Right (to the extent it is not prescribed) are judicially binding.

Samson and Fite did initially contend that Bowman was not assigned the Pref Right, giving rise to the motion for joinder. But they have since amended their complaint to delete that challenge and have represented to the court in written briefs that they do not and will not contest that the Pref Right, to the extent the it has not prescribed or otherwise ceased to exist, was fully assigned to Bowman. As it stands, all parties agree that Bowman owns the Pref Right, to the extent it exists, so that AEC and Elysium are nothing more than predecessors in interest with no remaining rights in the subject properties or interest in the outcome of this case. There is no reason to join them as parties.

Accordingly,

**IT IS RECOMMENDED** that Bowman's **Motion for Joinder (Doc. 6)** and **Motion Reurging Motion for Joinder (Doc. 14)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

2814702 (W.D. La. 2010). Under the circumstances, where there is no doubt the statements were intentionally made and they are at the heart of the issue in this motion practice, the undersigned finds that the statements about Bowman's ownership of the Pref Right (to the extent it is not prescribed) are judicially binding.

Samson and Fite did initially contend that Bowman was not assigned the Pref Right, giving rise to the motion for joinder. But they have since amended their complaint to delete that challenge and have represented to the court in written briefs that they do not and will not contest that the Pref Right, to the extent the it has not prescribed or otherwise ceased to exist, was fully assigned to Bowman. As it stands, all parties agree that Bowman owns the Pref Right, to the extent it exists, so that AEC and Elysium are nothing more than predecessors in interest with no remaining rights in the subject properties or interest in the outcome of this case. There is no reason to join them as parties.

Accordingly,

**IT IS RECOMMENDED** that Bowman's **Motion for Joinder (Doc. 6)** and **Motion Reurging Motion for Joinder (Doc. 14)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of May, 2011.

                                          MARK L. HORNSBY
                               UNITED STATES MAGISTRATE JUDGE